NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK ROY,<br><br>    *Plaintiff*,<br><br>v.<br><br>JEROME SIMANDLE,<br><br>    *Defendant.* | Civil Action No. 18-12753<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Frank Roy ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of New Jersey. Complaint ("Compl.") at 1; D.E. 1. Defendant Judge Jerome Simandle ("Judge Simandle") is a Senior United States District Judge for the District of New Jersey. *Id.* Judge Simandle presides in the Camden Vicinage. *Id.*

The allegations are not clear. Plaintiff also fails to provide any timeline as to the claims and references "15 cases" that were purportedly dismissed without further explanation. Plaintiff begins by stating that after he contacted the federal court system, Judge Simandle sent Plaintiff a letter stating that Plaintiff "did not have any Civil Rights and cannot be compensated." *Id.* ¶ 1. Plaintiff does not attach a copy of the letter to the Complaint. Judge Simandle also "dismissed a

total of 15 cases stealing Plaintiff's only income which is Social Security." *Id.* ¶ 2. Plaintiff also discusses that Judge Simandle allegedly has connections to an attorney named Francis Hartman. *Id.* ¶ 3. Hartman previously served as Plaintiff's counsel. *Id.* Plaintiff states, without any facts in support, that Hartman is now aiding Judge Simandle's retaliation against Plaintiff. *Id.* Further, at some point, Plaintiff contacted a different attorney named Jack Karpf and sent Karpf caselaw to help Karpf argue Plaintiff's case. *Id.* ¶ 7. Karpf allegedly admitted that Judge Simandle pressured him to dismiss Plaintiff's case. Finally, Plaintiff appears to allege that after his fifteen *in forma pauperis* actions were dismissed, he refiled the same actions and paid the filing fees. *Id.* ¶ 9. Judge Simandle then dismissed those cases again and allegedly stole the filing money. *Id.*

Plaintiff filed this Complaint on August 8, 2018. D.E. 1. Plaintiff seeks $25,000,000 in damages. Compl. at 2.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs. *See* Compl., D.E. 1-1.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of

review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### B. Judicial Recusal Standing Order

The January 13, 1994 Standing Order on Judicial Recusal provides as follows:

> [S]uits brought against judges of the United States District Court for the District of New Jersey shall be assigned to a judicial officer in a vicinage other than the vicinage where the defendant judge maintains his or her permanent duty station; and if the assignee judge determines that the litigation is patently frivolous, or if judicial immunity is plainly applicable, he/she need not recuse[.]

District of New Jersey 1994 Standing Order on Judicial Recusal.

### III. LEGAL ANALYSIS

Even construed liberally, the Court cannot ascertain any alleged federal causes of action in the Complaint. Plaintiff sets forth no counts, and he fails to indicate any specific cause of action. *See Kassin v. U.S. Postal Serv.*, No. 11-1482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011)

3

(finding that a *pro se* plaintiff's discussion of factual allegations, without specifying a legal cause of action, was insufficient to withstand a motion to dismiss). Because the Court cannot ascertain the legal claims that are being raised, the Court also cannot determine whether it has subject matter jurisdiction over this matter.

Further, even after reading the Complaint as liberally as possible, Plaintiff fails to plausibly plead any cause of action. Plaintiff appears to disagree with Judge Simandle's dismissal of fifteen cases that Plaintiff filed in federal court. If Plaintiff believes that Judge Simandle erroneously dismissed those cases, he should appeal those dismissals to the Third Circuit. As currently pled, the Complaint appears frivolous on its face. Without providing comprehensible factual allegations, Plaintiff accuses Judge Simandle of retaliating against him for unknown reasons.

Moreover, judicial immunity appears applicable. "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Therefore, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Here, Plaintiff seeks money damages for Judge Simandle's dismissal of his cases and some alleged but undefined conspiracy. Thus, Plaintiff seeks monetary compensation for actions Judge Simandle took while acting squarely within his role as a judge. Plaintiff cannot do so.

Because the Complaint appears frivolous and subject to judicial immunity, the Court will not recuse itself. The Undersigned presides in the Newark Vicinage, while Judge Simandle sits in the Camden Vicinage. Therefore, the Court retains jurisdiction over this matter. The Court also dismisses Plaintiff's Complaint for failure to plausibly plead a cause of action for the reasons discussed above.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). In light of the noted deficiencies, the Court has real concerns that any attempt to amend would be futile. However, because Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly state his allegations.

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 16th day of August, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of receipt of this Opinion and Order. If Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of receipt, dismissal of this case shall be with prejudice[1]; and it is further

---

[1] Dismissal with prejudice means that Plaintiff will **not** be able to bring any future action against Judge Simandle based on the allegations in this case.

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by certified mail return receipt.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.